**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CHRISTOPHER Q. PETTEWAY, | : | Case No. 3:24-CV-763 (SVN) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| PARSONS, *et al.*, | : | |
| *Defendants*. | : | August 8, 2024 |

**ORDER**

*Pro se* plaintiff Christopher Q. Petteway, a sentenced inmate currently incarcerated at Garner Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983.  He names twenty-three defendants.  He does not identify his claims or seek any particular relief.

Much of Plaintiff's Complaint is illegible.  Many of the letters in the words are poorly formed and run together, making the Complaint very difficult to decipher.  In addition, although the Complaint is not long, Plaintiff appears to allege many unrelated claims including wrongful placement in the Restricted Housing Unit, denial of his legal and religious materials, denial of requests for transfer, denial of mail and telephone access, search of his legal materials, denial of his First Amendment right to contact the press and media, deliberate indifference to medical needs, deliberate indifference to health and safety, and the submission of false disciplinary reports against him.  He also asserts a challenge to his classification and a challenge to the conditions in restricted housing.  In most instances, the allegations do connect any of the various Defendants to the issues of which Plaintiff complains.

Federal Rule of Civil Procedure 20 permits joinder of multiple defendants in one action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and

occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "What will constitute the same transaction or occurrence under the first prong of Rule 20(a) is approached on a case by case basis." *Dixon v. Scott Fetzer Co.*, 317 F.R.D. 329, 331 (D. Conn. 2016) (citation and quotation marks omitted).

Plaintiff's wide-ranging claims are, in many instances, topically unrelated, and the Court is unable to discern which issues are linked to which named Defendants. As the claims arise from different series of events and would involve different law and facts, it may be inappropriate to assert all claims in one action, even if they all involve events that occurred during Plaintiff's time in restricted housing. *See Costello v. Home Depot U.S.A., Inc.*, 888 F. Supp. 2d 258, 264 (D. Conn. 2012) (severance may be appropriate when claims "arise from different circumstances and would require separate analyses.").

In addition, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(3). Some of the identified claims are merely conclusory statements with no supporting facts or indication of which Defendant was involved. While the Court interprets filings by *pro se* litigants liberally, *see Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (collecting cases regarding the "special solicitude" afforded to *pro se* litigants), it cannot conduct a proper initial review of the complaint under 28 U.S.C. § 1915A as currently stated, both because of its illegibility and because Plaintiff does not specify which Defendant may be responsible for which alleged violation. Nor does Plaintiff seek any particular relief, as required by Rule 8.

**ORDERS**

Plaintiff is directed to file an Amended Complaint that complies with Rules 8 and 20 by

**September 5, 2024**.  The Amended Complaint shall assert only claims arising from a single occurrence and name as Defendants only those persons involved in that claim.  In addition, the Amended Complaint **must be written legibly**.  Following submission of an amended complaint, the Court will conduct an initial review pursuant to 28 US.C. § 1915A.

If Plaintiff fails to submit an amended complaint that conforms to the requirements of Rules 8 and 20, the Court will dismiss this action and close the case, as it cannot find that any claims in the current complaint are sufficiently pleaded to proceed to service, even when construed liberally.

**SO ORDERED** at Hartford, Connecticut, this 8th day of August, 2024.

_/s Sarala V. Nagala_
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE